UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KENNETH REICHART,<br><br>                Plaintiff,<br><br>    v.<br><br>LUZERNE COUNTY FACILITY'S<br>MEDICAL DEPARTMENT, et al.,<br><br>                Defendants. | CIVIL ACTION NO. 3:16-CV-00131<br><br>(MANNION, D.J.)<br>(MEHALCHICK, M.J.) |

**REPORT AND RECOMMENDATION**

This 42 U.S.C. § 1983 civil rights action brought by *pro se* prisoner-Plaintiff Kenneth Reichart was commenced by the filing of a complaint in this matter on January 25, 2016.[1] (Doc. 1). In his complaint, Reichart seeks damages against the Luzerne County Correctional Facility ("LCCF"), Correct Care Solutions ("CCS"), Dr. Glenda Buyo, Dr. Diaz, and unspecified "medical staff," appearing to allege a violation of his Eighth Amendment rights under the United States Constitution as well as a negligence claim.[2] (Doc. 1). The Court has conducted its statutorily-mandated screening of the complaint in accordance with 28 U.S.C. § 1915A, 28 U.S.C. § 1915(e)(2)(B)(ii), and 42 U.S.C. § 1997e(c)(1). Because Reichart's claims and factual allegations, on the face of the complaint, are incomprehensible and unclear, the Court recommends dismissing the action with leave to amend.

---

[1] At all times relevant to this complaint, Reichart was incarcerated at the Luzerne County Correctional Facility in Luzerne County, Pennsylvania. (Doc. 1).

[2] Reichart fails to state who employs Dr. Buyo and Dr. Diaz, or how they came into contact with Reichart. Further, Reichart does not specify which additional medical staff members he seeks to name as Defendants in this complaint.

**I. BACKGROUND**

On January 25, 2016, prisoner-Plaintiff Kenneth Reichart, proceeding *pro se*, filed the instant civil rights action (Doc. 1), along with a motion to proceed *in forma pauperis* on February 17, 2016.[3] (Doc. 5). As a preliminary matter, the Court notes that the complaint is comprised of barely legible assertions, which Reichart presents in a disorganized fashion lacking any sense of a sequential order. He provides a rambling account of his interactions with medical professionals in the wake of a basketball injury, rendering it unclear as to whom his factual assertions are made. Furthermore, Reichart frequently speaks in generalities, which makes it impossible to ascertain which Defendant(s) he is referencing. For example, throughout the complaint, Reichart fails to clarify the respective roles and involvement of CCS and LCCF's own in-house medical staff by using "they," "their," and other pronouns that leave the Court guessing as to which Defendant(s) Reichart is referring to at any given time. Although his specific allegations are unclear, Reichart appears to assert an Eighth Amendment deliberate indifference claim against all of the above-named Defendants and a negligence claim against LCCF. (Doc. 1).

The allegations forming the basis of Reichart's complaint seem to arise out of a basketball-related injury suffered at LCCF. (Doc. 1). Reichart asserts that on or around February 5, 2014, he was playing basketball in the LCCF gym when he ran over a wet spot on the court and fell into a metal apparatus that was located in or near the gym, causing an injury to Reichart's genital area. (Doc. 1, at 3). Following the injury, Reichart contacted Dr. Kosek, who ordered an ultrasound that confirmed the presence of a hernia in late April of 2014,

---

[3] The Court granted Reichart's motion to proceed *in forma pauperis* in an Order entered on June 7, 2016. (Doc. 15).

approximately two months after the basketball incident.[4] (Doc. 1, at 4). Reichart alleges that he went to Geisinger Hospital after this diagnosis for further examination and treatment by Dr. Schulz. At the conclusion of his examination, Dr. Schulz scheduled Reichart for a follow-up appointment in three months; however, Reichart asserts that he was not taken back to see the doctor until October of 2014. (Doc. 1, at 4).

Reichart contends that when he returned to see Dr. Schulz for a second follow-up appointment in December of 2014, he informed Dr. Schulz that he was still in pain and that he was experiencing constipation as a result of the hernia. (Doc. 1, at 5). Dr. Schulz recommended fiber pills and advised the medical staff to provide him milk of magnesia upon request.[5] (Doc. 1, at 5). Despite these instructions, Reichart alleges that a nurse refused to administer the pills and milk of magnesia.[6] (Doc. 1, at 5). He further asserts that CCS neglected his well-being by not operating on his hernia, which allegedly caused unbearable and life-threatening pain. (Doc. 1, at 6). Reichart also contends that a Dr. Diaz and Dr. Glenda Buyo knew about this pain for four or five months but allowed his pain and suffering to continue, as well as his life-threatening condition to linger. (Doc. 1, at 6). After filing numerous requests and grievances, Reichart eventually returned to the hospital and had surgery on November 9, 2015. (Doc. 1, at 6). In all, Reichart claims that he waited approximately nine months for his hernia surgery. (Doc. 1, at 6).

Shortly after his surgery, Reichart contends that a complication arose. (Doc. 1, at 6). He claims that Dr. Schulz prescribed medication for the pain caused by the surgery; however "they" never gave him the pills, resulting in a build-up of fluid and blood in Reichart's genital

---

[4] Dr. Kosek's employer is not identified in the complaint.

[5] Reichart does not specify whether Dr. Schulz was referring to LCCF's medical staff.

[6] Reichart does not clearly identify the nurse or state whether this nurse was an employee of LCCF.

area that caused him more pain and suffering. (Doc. 1, at 7). In addition to that post-operation complication, Reichart purportedly caught the flu. (Doc. 1, at 8). Reichart's repeated requests for examination by a doctor and additional medical intervention were ignored. (Doc. 1, at 8).

In his complaint, Reichart states that "their" excuse for failing to treat him was that a new company took over LCCF's medical services. (Doc. 1, at 8). He alleges that "they" put him through "needless pain and suffering and total aggravation and the risk of [his] well being or death for their complete lack of commitment to a human being in need of medical help." (Doc. 1, at 9). In sum, Reichart principally challenges that the above-named Defendants' actions constituted deliberate indifference to a serious medical need in contravention of the Eighth Amendment as a result of their unwillingness to administer medication, delay in scheduling medical appointments, and failure to arrange for an operation upon his request.

## II. SECTION 1915 STANDARDS

Under 28 U.S.C. § 1915A, the Court is obligated, prior to service of process, to screen a civil complaint in which a prisoner is seeking redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a); *James v. Pa. Dep't of Corr.*, 230 Fed. Appx. 195, 197 (3d Cir. 2007) (not precedential). The Court must dismiss the complaint if it fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1); *Mitchell v. Dodrill*, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010). The Court has a similar obligation with respect to actions brought *in forma pauperis* and actions concerning prison conditions. *See* 28 U.S.C. § 1915(e)(2); 42 U.S.C. § 1997e(c)(1). In this case, because Reichart is suing a governmental entity, bringing suit *in forma pauperis*, and suing over a prison condition, all three provisions apply. In performing this mandatory screening function, a district court applies the same standard applied to motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil

Procedure. *Mitchell*, 696 F. Supp. 2d at 471; *Banks*, 568 F. Supp. 2d at 588.

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The United States Court of Appeals for the Third Circuit has noted the evolving standards governing pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), continuing with our opinion in *Phillips* [*v. County of Allegheny*, 515 F.3d 224 (3d Cir. 2008)] and culminating recently with the Supreme Court's decision in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 209–10 (3d Cir. 2009).

In considering whether a complaint fails to state a claim upon which relief may be granted, the court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). A court "need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). Additionally, a court need not assume that a plaintiff can prove facts that the plaintiff has not alleged. *Associated Gen. Contractors of Cal. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983). In order to state a valid cause of action a plaintiff must provide some factual grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). When ruling on a motion to dismiss, a trial court must assess whether a complaint states facts upon which relief can be granted, and should "begin by identifying pleadings that, because they are

no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

In deciding a Rule 12(b)(6) motion, the court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Additionally, a document filed *pro se* is "to be liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). The Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

**III. DISCUSSION**

    A. RULE 8 PLEADING DEFICIENCIES

The Court recommends that Reichart's complaint be dismissed without prejudice for failure to state a claim pursuant to Rule 12(b)(6). To withstand dismissal under Rule 12(b)(6), a complaint must satisfy the minimum pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. *See Evancho v. Fisher*, 423 F.3d 347, 355 (3d Cir. 2005). Specifically, Rule 8(a) provides that "[a] pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the

claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought . . . ." Fed. R. Civ. P. 8(a). Additionally, Rule 8(d)(1) further instructs that "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Therefore, "when a complaint is 'illegible or incomprehensible' . . . or when a complaint 'is also largely unintelligible,'. . . an order dismissing a complaint under Rule 8 is clearly appropriate." *L. Ruther v. State Ky. Officers*, No. 1:13-CV-1641, 2013 WL 3525032, at *4 (M.D. Pa. July 11, 2013) *aff'd sub nom. Ruther v. State Ky. Officers*, 556 F. App'x 91 (3d Cir. 2014) (not precedential) (quoting *Scibelli v. Lebanon Cnty.,* 219 F. App'x 221, 222 (3d Cir. 2007) (not precedential)); *Stephanatos v. Cohen,* 236 F. App'x 785, 787 (3d Cir. 2007) (not precedential); *Mincy v. Klem,* 303 F. App'x 106 (3d Cir. 2008) (not precedential). Dismissal is also proper "when a complaint leaves defendants 'having to guess what of the many things discussed constituted [a cause of action];' . . . or when the complaint is so 'rambling and unclear' as to defy response." *L. Ruther*, 2013 WL 3525032, at *4 (alteration in original) (quoting *Binsack v. Lackawanna Cnty. Prison,* 438 F. App'x 158, 160 (3d Cir. 2011) (not precedential)); *Tillio v. Spiess,* 441 F. App'x 109, 110 (3d Cir. 2011) (not precedential).

    Here, the complaint fails to satisfy Rule 8's basic requirements that a pleading contain a "short and plain statement of the claim showing the pleader is entitled to relief" and that each averment be "concise and direct." Fed. R. Civ. P. 8(a)(2) & (d)(1). Reichart does not give the Defendants sufficient notice of what claims are being alleged against them in a simple, concise, and direct manner. Instead, Reichart's complaint contains incoherent statements making it impossible for the Defendants to detect or determine Reichart's relevant assertions that give rise to his apparent Eighth Amendment violation. (Doc. 1). From what the Court can glean, the complaint will leave the Defendants having to guess what constitutes a cause of action among Reichart's "rambling and unclear" pleading. *L. Ruther*, 2013 WL 3525032, at *4. Additionally,

Reichart's complaint is largely incomprehensible, illegible, and disorganized, as it is unclear who each Defendant is or works for and how certain medical conditions or claims are related to the initial basketball injury. *See Brett v. Barger*, No. 1:15-CV-02383, 2016 WL 3704493, at *2 (M.D. Pa. May 24, 2016) (dismissing *pro se* plaintiff's complaint for failure to state a claim upon which relief can be granted because the complaint was, as a whole, composed of "rambling, disconnected, and incomprehensible allegations").

### B. FAILURE TO STATE AN EIGHTH AMENDMENT DELIBERATE INDIFFERENCE CLAIM

It appears that that the crux of Reichart's complaint revolves around an Eighth Amendment deliberate indifference to a serious medical need claim. To state such a claim, Reichart must allege "(i) a serious medical need, and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need." *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003); *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). A serious medical need exists if failure to treat such condition would constitute a "denial of the minimal civilized measure of life's necessities." *Farmer v. Brennan*, 511 U.S. 824, 825 (1994). "Deliberate indifference may be manifested by an intentional refusal to provide medical care, delayed medical treatment for non-medical reasons, a denial of prescribed medical treatment, or a denial of reasonable requests for treatment that results in suffering or risk of injury." *Beckett v. Dep't. of Corr.*, No. 10–0050, 2011 WL 4830787, at *11 (M.D. Pa. Oct.12, 2011).

In this case, Reichart has failed to plead a satisfactory deliberate indifference claim according to the aforementioned standard. Reichart's complaint merely provides a rambling account of his various interactions with medical professionals following his initial accident, and generally leaves the Court unable to identify which Defendant is being referenced in regard to any specific interaction. (Doc. 1). To successfully state a claim for deliberate indifference to a

serious medical need, Reichart must allege that he had a condition that if untreated would result in the "denial of the minimal civilized measure of life's necessities." *Farmer*, 511 U.S. at 825. Further, Reichart must clearly identify his serious medical need and specify the particular Defendants that allegedly acted inappropriately or failed to act, such as by "intentional[ly] refus[ing] to provide medical care, delay[ing] medical treatment for non-medical reasons, . . . den[ying] . . . prescribed medical treatment, or . . . den[ying] . . . reasonable requests for treatment that results in suffering or risk of injury." *Beckett*, 2011 WL 4830787, at *11. Because these requirements are not clearly pleaded on the face of his complaint, it is recommended that Reichart's Eighth Amendment claim be dismissed for failure to state a claim.

### C. STATE LAW CLAIM

To the extent that Reichart alleges a negligence claim against LCCF, that claim is governed by state law. Where a district court has dismissed all claims over which it had original jurisdiction, it may decline to exercise supplemental jurisdiction over state law claims. 28 U.S.C. § 1367(c)(3). Whether the Court will exercise supplemental jurisdiction is within its discretion. *Kach v. Hose*, 589 F.3d 626, 650 (3d Cir. 2009). That decision should be based on "the values of judicial economy, convenience, fairness, and comity . . . ." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988). Ordinarily, when all federal law claims have been dismissed and only state law claims remain, the balance of these factors indicates that the remaining claims properly belong in state court. *Cohill*, 484 U.S. at 350. Here, the balance of factors "point toward declining to exercise jurisdiction over the remaining state law claims." *See Cohill*, 484 U.S. at 350 n.7. It is therefore recommended that Reichart's state law negligence claim be dismissed pursuant to 28 U.S.C. § 1367(c)(3).

## IV. LEAVE TO AMEND

Although dismissal of Reichart's complaint is warranted, the Third Circuit has instructed district courts to permit a curative amendment if a complaint is vulnerable to dismissal for failure to state a claim, unless an amendment would be inequitable or futile. *Grayson*, 293 F.3d at 108. Therefore, the Court will direct Reichart to file a single, intelligible amended complaint setting forth factual allegations and legal claims in a manner that can be reviewed by the Court and answered by the Defendants. The proposed amended complaint must be a pleading that **stands by itself without reference to the original complaint**. *Young v. Keohane*, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992) (emphasis added). The amended complaint must also specify who each individual Defendant is and how they contributed to the allegations giving rise to the complaint in a legible and coherent fashion. Further, it must be "**simple, concise, and direct**" as required by Rule 8(d)(1). The Court further advises Plaintiff that the amended complaint must also contain:

- "a short and plain statement of the claim showing that the pleader is entitled to relief" pursuant to Rule 8(a)(2);
- "a[n understandable] demand for the relief sought" pursuant to Rule 8(a)(3); and
- a caption that properly and specifically names the parties pursuant to Rule 10(a).

Failure to comply with these requirements may result in dismissal of the action in its entirety.

## V. RECOMMENDATION

Based on the foregoing, it is recommended that:

1. Reichart's complaint (Doc. 1) be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915A(b)(1), 28 U.S.C. § 1915(e)(2)(B)(ii), and 42 U.S.C. § 1997e(c)(1);

2. Reichart be given thirty (30) days leave to amend his complaint against all Defendants in accordance with Rule 8(d)(1) of the Federal Rules of Civil Procedure; and

3. The matter be remanded to the undersigned for further proceedings.

Dated: August 29, 2016         *s/ Karoline Mehalchick*
                               **KAROLINE MEHALCHICK**
                               **United States Magistrate Judge**

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| KENNETH REICHART,<br><br>                Plaintiff,<br><br>    v.<br><br>LUZERNE COUNTY FACILITY'S<br>MEDICAL DEPARTMENT, et al.,<br><br>                Defendants. | CIVIL ACTION NO. 3:16-CV-00131<br><br>(MANNION, D.J.)<br>(MEHALCHICK, M.J.) |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **August 29, 2016**. Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

**Dated: August 29, 2016**               *s/ Karoline Mehalchick*
                                                                                     **KAROLINE MEHALCHICK**
                                                                                     **United States Magistrate Judge**