**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| KENNETH REICHART, | : |
| Plaintiff | : CIVIL ACTION NO. 3:16-0131 |
| v. | : (JUDGE MANNION) |
| LUZERNE COUNTY FACILITY'S MEDICAL DEPT., *et al.*, | : |
| Defendants | : |

**MEMORANDUM**

Pending before the court is the report of Judge Karoline Mehalchick, which recommends that the *pro se* plaintiff's civil rights complaint under 42 U.S.C. §1983, alleging that he was denied proper medical care when he was confined at Luzerne County Prison, be dismissed pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute and to abide by the court's order.[1] (Doc. 30). Neither the plaintiff nor the defendants have filed any objections to Judge Mehalchick's report. The time within which to file objections has expired.

Where no objection is made to a report and recommendation, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed.R.Civ.P. 72(b), advisory committee notes; *see also* Univac Dental Co. v.

---

[1] It appears that the plaintiff was released from prison in or about November of 2018. As such, Judge Mehalchick's report was mailed to the plaintiff at the address provided by the prison and it was not returned to the clerk's office as undeliverable.

Dentsply Intern., Inc., 702 F.Supp.2d 465, 469 (2010) (citing Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every Report and Recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31. Upon review, the report and recommendation of Judge Mehalchick will be adopted in its entirety.

After the plaintiff filed the instant action on January 25, 2016, the court issued its Standing Practice Order, (Doc. 3), and the plaintiff was directed to advise the court of any change in his address. Nonetheless, the plaintiff repeatedly failed to update his address despite the fact that Judge Mehalchick ordered him to do so and cautioned him that a failure to update his address may result in a dismissal of his case. (Doc. 24). Further, the plaintiff has not taken any action in his case, now pending for over three years, to move it forward. Thus, Judge Mehalchick recommends that plaintiff's complaint be dismissed for failure to prosecute and to abide the court's orders under Fed.R.Civ.P. 41(b).

To date, the plaintiff has not taken any further action in his case even after he was served with Judge Mehalchick's report. Thus, plaintiff's conduct and inaction have indicated a clear intent not to continue with his case, and without his action, this case cannot proceed. As such, plaintiff's complaint can

be dismissed without an analysis of the six factors identified in Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863, 868 (3d Cir. 1984). *See* Stackhouse v. Mazurkiewicz, 951 F.2d 29, 30 (3d Cir. 1991).

In Abulkhair v. New Century Financial Services, Inc., 467 Fed.Appx. 151, 153 (3d Cir. 2012), the Third Circuit explained:

> Under Fed.R.Civ.P. 41(b), a district court may dismiss an action—either sua sponte or upon a motion—if a plaintiff fails to prosecute his case or comply with a court order. *See* Link v. Wabash R.R. Co., 370 U.S. 626, 629-31, 82 S.Ct. 1386 (1962). Prior to such a dismissal, a district court ordinarily must balance the six factors set forth in Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863, 868 (3d Cir. 1984). Where, however, a plaintiff refuses to proceed with his case or otherwise makes adjudication of his case impossible, a balancing of the *Poulis* factors is not necessary. *See* Spain v. Gallegos, 26 F.3d 439, 454–55 (3d Cir. 1994); Guyer v. Beard, 907 F.2d 1424, 1429-30 (3d Cir. 1990).

The court has reviewed the reasons presented by Judge Mehalchick for recommending that the plaintiff's complaint be dismissed. Because the court agrees with the sound reasoning that led Judge Mehalchick to the conclusions in her report and finds no clear error on the face of the record, the court will adopt the report in its entirety. An appropriate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: March 20, 2019**
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2016 MEMORANDA\16-0131-01.wpd